UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv25

| | | |
|---|---|---|
| WILLIAM MAURICE RYANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SIDNEY HARKLEROAD, Administrator | ) | |
| Marion Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before this Court upon the State's Motion for Summary Judgment. (Doc. No. 7).

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (2010);

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

A material fact is one that could lead to judgment in favor of one party or another. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party may assert that a fact is genuinely disputed, or cannot be genuinely disputed, by submitting certain materials to the Court. Fed. R. Civ. P. 56(c) (copy of entire Rule attached to this Order). These materials include documents, declarations, and affidavits. Id. A declaration is a written statement subscribed as true under penalty of perjury. 28 U.S.C. § 1746. An affidavit is a written statement sworn before a notary public. Black's Law Dictionary, 62 (8th ed. 2004). Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that he carries in responding to the

Government's Motion for Summary Judgment. The failure to properly support an assertion of fact or to address the Government's assertion of fact may result in the Court granting summary judgment, that is, dismissal of the Motion to Vacate with prejudice. Fed. R. Civ. P. 56(e). This would occur if there is no genuine dispute as to any material fact and the Government is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty(30) days from the entry of this Order to file his response, including any evidence, to the State's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order and Notice to the parties, including William Maurice Ryans, Reg. No. 0355935, Marion Correctional Institution, P.O. Box 2405 Marion, NC 28752.

Signed: March 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

Federal Rule of Civil Procedure 56. Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for

summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> **(1)** give an opportunity to properly support or address the fact;
> **(2)** consider the fact undisputed for purposes of the motion;
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

> **(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.