UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-25-RJC

| WILLIAM MAURICE RYANS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| SIDNEY HARKLEROAD, Administrator, Marion Correctional Institution, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, (Doc. No. 1), and Respondent's Motion for Summary Judgment, (Doc. Nos. 6 and 7).

**I.     Procedural History**

On January 6, 2009, Petitioner pled guilty to two counts of breaking and entering, two counts of larceny after breaking and entering, and being a habitual felon. (Doc. No. 8-2 at 2-5). The court sentenced him to two consecutive terms of 100 - 129 months' imprisonment. (Id.). Petitioner did not directly appeal. On October 29, 2009, Petitioner filed a Motion for Appropriate Relief ("MAR") in Buncombe County Superior Court. (Doc. No. 8-5 at 3-10). On November 30, 2009, Judge Winner summarily denied Petitioner's MAR. (Doc. No. 8-6 at 2). On November 29, 2010, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which was denied on December 15, 2010. (Doc. Nos. 8-6 and 8-7). On February 8, 2011 Petitioner submitted a Petition under 28 U.S.C. § 2254 alleging: (1) ineffective assistance of counsel; (2) deprivation of due process for the trial court's failure to inform him of

1

the consequences of his prior plea; (3) deprivation of due process by wrongfully sentencing him; and (4) violation of Double Jeopardy Clause by twice sentencing him for his habitual felon status. (Doc. No. 1).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In contrast, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally

3

barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). This includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. GEN. STAT. §§ 7A-31, 15A-1422.

However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750

4

(1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by Strickland v. Washington, where the Supreme Court held that a petitioner must establish that counsel's performance fell below an objective standard of reasonableness and that Petitioner was prejudiced – that is, there is a reasonable probability that but for the error, the outcome would have been different. 466 U.S. 668, 690-94 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Moreover, a petitioner bears the burden of proving Strickland prejudice; if a petitioner fails to meet this burden, then a "reviewing court need not consider the performance prong." Fields v. Attorney General of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (quoting Strickland, 466 U.S. at 690). When the more highly deferential § 2254(d) standard is applied, the question "is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788.

In the context of a guilty plea, the petitioner must show that "but for the assertedly ineffective assistance, a reasonable defendant would have insisted on proceeding to trial."

5

Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59) (1985)). For claims involving sentencing errors, Petitioner must allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999).

### 1. Guilty Plea

Petitioner contends that he did not accept a plea agreement for two consecutive sentences. Instead, he claims he only accepted one judgment and sentence for 80-105 months and counsel misrepresented the terms of the agreement by writing in the transcript of plea that the sentence was in the discretion of the judge.

First, there is no evidence that the agreement counsel discussed with Petitioner and the one to which he pled were different. The transcript of plea form is a four-page document that memorialized the trial court's plea colloquy with Petitioner. (Doc. No. 8-2 at 2-5). The first two pages of that form contain the trial court's questions and Petitioner's answers establishing his ability to enter his plea, his understanding of the proceeding, and his various rights. Page two contains a section entitled "acknowledgment by defendant," which states that Petitioner has "read or heard all of the court's questions and understood them. The answers shown are the ones [he] gave in open court and they are true and accurate. No one [] told [him] to give false answers in order to have the court accept [his] plea in this case. The terms and conditions of the plea as stated within the transcript, if any, are accurate." (Id. at 3). The third page contains the terms of the plea and states:

> The defendant shall plead guilty to 08 CRS 59398 and 08 CRS 59400 and to the habitual felon 08 CRS 541. The State shall dismiss the 08 CRS 59399 and 08 CRS 62993. Sentencing shall be in the discretion [sic].

(Doc. No. 8-2 at 4). Petitioner's initials appear under the terms as listed. (Id.). Because

6

Petitioner was apprised of the actual terms in the plea colloquy, he cannot demonstrate any prejudice from counsel's alleged oral presentation of other terms. Further, Petitioner's assertion is insufficient to overcome the presumption in favor of his in-court sworn testimony. See Blackledge v. Allison, 431 U.S. 63 (1977) (defendants sworn statements constitute a formidable barrier in subsequent collateral proceedings).

Next, to the extent that Petitioner challenges the voluntariness of his plea, the record of Petitioner's sworn statements at his plea hearing belies this claim. (Doc. No. 8-2 at 2-5). At the plea hearing, Petitioner swore that: (1) he understood the rights he was waiving; (2) he was indeed guilty; (3) he was not induced into pleading guilty; (4) he pled guilty by his own free will, fully understanding what he was doing; (5) he did not have any questions concerning his case; (6) he discussed his case with his attorney; (7) his attorney explained the nature of the charges and every element of each charge; (8) he understood every element of the charges; (9) Petitioner and his attorney discussed possible defenses; (10) he was satisfied with his lawyer's services; and (11) the only terms and conditions of his plea bargain were those contained in the transcript of plea form. (Doc. No. 8-2 at 2-4). The trial court determined that there was a factual basis for the entry of Petitioner's plea arrangement, Petitioner was competent to enter his plea, and his "plea [was] the informed choice of the defendant and [was] made freely, voluntarily and understandingly." (Id. at 3).

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74). Because these statements carry such a presumption, they present a "formidable barrier in any subsequent collateral proceeding." Blackledge, 431 U.S. at 74. The transcript of Petitioner's plea hearing makes clear that the court conducted a

7

proper plea hearing and concluded that Petitioner entered a knowing and voluntary guilty plea. Boykin v. Alabama, 395 U.S. 238 (1969) (noting requirements for valid guilty plea). Further, absent compelling circumstances not shown here, Petitioner's solemn in-court representations, as reflected in the transcript of plea proceedings, are deemed conclusive. See Via v. Superintendent, 643 F.2d 167, 171 (4th Cir. 1981); Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984) (holding that absent clear and convincing evidence to the contrary, a defendant is bound by what he said at the time of guilty plea). Petitioner's current self-serving statements are insufficient to breach the formidable barrier of Blackledge. Petitioner has not established either prong of the Strickland test as is required to establish an ineffective assistance of counsel claim and the record supports the state court's ruling that Petitioner's plea was knowing and voluntary. See (Doc. No. 8-2); 28 U.S.C. 2254(e)(1); see also Maggio v. Fulford, 462 U.S. 111 (1983) (state court's finding that defendant was competent to stand trial is finding of fact entitled to presumption of correctness on federal habeas review).

Further, Petitioner raised the substance of this claim in his MAR. (Doc. No. 8-5). Judge Winner summarily denied the MAR on the merits. Judge Winner made the following findings:

> 1. The Defendant pled guilty to the offenses in 08 CRS 59400 and 08 CRS 59398, that he was asked in his Transcript of Plea if the Plea arrangement described therein was correct and whether he accepted it to which the Defendant answered in the affirmative.
>
> 2. The Defendant swore that he had read the Transcript of Plea, that the answers there were true and correct and that the terms and conditions of the Plea as stated within the Transcript are accurate.
>
> 3. The judgments entered in the case were within the terms of the Plea arrangement.

(Doc. No. 8-6). Judge Winner then concluded "that the grounds stated in the Motion for Appropriate Relief are not capable of being proven" and denied Petitioner's MAR. (Id.). This

state court adjudication on the merits is correct. It is not contrary to, nor does it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See Strickland v. Washington, 466 U.S. 668 (1984); Boykin v. Alabama, 395 U.S. 238 (1969); Blackledge v. Allison, 431 U.S. 63 (1977). Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner's claim will be denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254 (d) and (e). See Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

### 2. Failure to Investigate and File an Appeal

Next, Petitioner argues that his lawyer was ineffective for failing to investigate the elements of the crime or to file an appeal. Petitioner's claim that his attorney failed to investigate the elements of the crime is a conclusory allegation with no factual support. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim – or for that matter, on any claim – a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Petitioner's assertion that counsel failed to investigate the elements is belied by his in-court acknowledgment that his attorney discussed the case with him; including the nature of the charges, every element of each charge, and possible defenses. (Doc. No. 8-2 at 2). Petitioner's claim is denied.

Petitioner did not raise his claim that his attorney was obligated to file an appeal on his behalf in his MAR. (Doc. No. 8-5). If Petitioner were to return to the trial court to present the claim in a newly filed MAR, it would be procedurally barred. N.C. GEN. STAT. § 15A-

9

1419(a)(1) and (b) (providing for summary denial of claim when, "[u]pon a previous [MAR], the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so."). As such, Petitioner has defaulted this claim in this Court as well. Petitioner has not asserted an explanation to excuse this default. (Doc. No. 11-1 at 2). Therefore, the claim will be procedurally barred from this Court's review. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); see also Rose v. Lee, 252 F.3d 676, 685 n.5 (4th Cir. 2001) (North Carolina's post conviction procedural bar statute of section 15A-1419 is now mandatory); cf. Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (sections 15A-1419(a)(1) and (a)(3) are independent and adequate state procedural bars); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); McCarver v. Lee, 221 F.3d 583, 588-89 (4th Cir. 2000).

### 3. Failure to File A Motion to Dismiss

Next, Petitioner contends that his counsel was ineffective for failing to file a motion to dismiss due to a violation of the Double Jeopardy Clause. A review of Petitioner's MAR reveals that Petitioner did not raise this specific claim. (Doc. No. 8-5 at 3-10). Instead, Petitioner argued that his consecutive sentences violated the Eighth Amendment's prohibition against cruel and unusual punishment. (Id.). This is not sufficient to fairly present his current ineffective assistance of counsel claim for failing to file a motion to dismiss on double jeopardy grounds. See Duncan v. Henry, 513 U.S. 364 (1995) (petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court); Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994) ("... the exhaustion requirement demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.

10

Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'") (citations omitted). Therefore, Petitioner's claim that his counsel was ineffective for failing to file a motion to dismiss based upon a double jeopardy violation is barred from federal habeas review as Petitioner defaulted this claim in State Court[4] and if he were to return to the trial court to present this claim in a new MAR, such claim would be procedurally barred under § 15A-1419(a)(1).[5]

### 4. Failure to Present Mitigating Factors

As his last ineffective assistance of counsel claim, Petitioner argues that his counsel was ineffective for failing to present several mitigating factors that could have outweighed the aggravating factors. First, this claim is a bare conclusory allegation offered without any factual support. See Nickerson v. Lee, 971 F.2d 1125, 1136 (1992). Second, he cannot show any prejudice from counsel's allegedly deficient failure to present mitigating factors. Petitioner is a habitual felon, but he received mitigated range sentences for his crimes.

Petitioner raised the substance of this claim in his MAR. (Doc. No. 8-5). Judge Winner summarily denied the MAR on the merits. This state court adjudication on the merits is correct. It is not contrary to, nor does it involve an unreasonable application of, clearly established

---

[4] Petitioner has not asserted an explanation to excuse his default of this claim.

[5] The fact that Petitioner later raised the substance of his claim in his certiorari petition does not lift the procedural bar. This is because raising a federal constitutional claim for the first time in a discretionary petition to a state appellate court is insufficient to fairly present the claim to the state courts for adjudication. See Castille v. Peoples, 489 U.S. 346 (1989) (raising a claim for the first time in a discretionary petition to a state appellate court is insufficient to exhaust state remedies); Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990) (certiorari petition under North Carolina procedure, like a certiorari petition to the United States Supreme Court, is a discretionary petition and its denial is not adjudication of the merits of claims but merely discretionary refusal to hear the case).

federal law as determined by the Supreme Court of the United States. See Strickland v. Washington; Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner's claim will be denied pursuant to the deferential standards of review contained in 28 U.S.C. § 2254 (d) and (e). See Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

### B. Trial Court Error

#### 1. Consequences of Prior Plea Bargain

Next, Petitioner argues that his due process rights were violated when the trial court failed to fully inform him of the consequences of his prior plea bargain. Petitioner is arguing that one or more of his prior convictions used to obtain his habitual felon status, was obtained in violation of his due process rights. He claims that because he was not informed that they could later be used against him to enhance subsequent sentences, his rights were violated.

First, the Court notes that the Fourth Circuit has rejected this argument in the context of a federal prosecution for continuing criminal enterprise. See United States v. McHan, 920 F.2d 244 (4th Cir. 1990) (possible use of guilty plea to establish predicate offense in later CCE prosecution is collateral consequence, and lack of knowledge does not render the plea uninformed); see also Padilla v. Kentucky, 130 S. Ct. 1473 (distinction between collateral and direct consequences of a guilty plea is ill-suited in evaluating Strickland claim in a deportation context). Further, Petitioner did not raise this issue in his MAR. (Doc. No. 8-5 at 3-10). If he were to return to the trial court to present this claim in a new MAR, it would be procedurally barred under § 15A-1419(a)(1). Petitioner has defaulted this claim without excuse and this

Court cannot consider the merits of the claim.[6]

### 2. Wrongful Sentence

Next, Petitioner argues that his due process rights were violated because he was wrongfully sentenced. In support of this argument, Petitioner claims, like he did in his ineffective assistance of counsel claim, that he understood his plea bargain to be one conviction as a Class C habitual felon, with all charges consolidated into one judgment of 80-105 months. This is essentially the same claim asserted as to his ineffective assistance of counsel, which the Court concluded was belied by the transcript of plea, without merit and denied pursuant to the deferential standards of review contained in 28 U.S.C § 2254(d) and (e). Therefore, for the reasons stated above, Petitioner's claim is denied.

### 3. Double Jeopardy Claim

As his last claim for relief, Petitioner contends that a violation of the Double Jeopardy Clause occurred because he was sentenced twice to habitual felon status. This claim is procedurally barred as Petitioner did not expressly raise it in his MAR. (Doc. No. 8-5 at 3-10). Instead, he argued that the trial court violated the Eighth Amendment's prohibition against cruel and unusual punishment by imposing two consecutive sentences. (Id.). This is not sufficient to fairly present his current double jeopardy claim to the state courts for adjudication. See Duncan v. Henry, 513 U.S. 364 (1995); Mallory v. Smith, 27 F.3d 991, 994-95 (1994). Therefore, Petitioner procedurally defaulted this claim without excuse and the Court cannot consider it on

---

[6] The fact that Petitioner raised the substance of this claim in his certiorari petition to the North Carolina Court of Appeals is not sufficient to present the claim to the state courts for adjudication and does not lift the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989); Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990).

the merits.[7]

IV.   **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Respondent's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED**;

(2) Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, (Doc. No. 1), is **DENIED** and **DISMISSED**; and

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: October 7, 2011

_____
Robert J. Conrad, Jr.
Chief United States District Judge

---

[7] The fact that Petitioner raised the substance of this claim in his certiorari petition to the North Carolina Court of Appeals is not sufficient to present the claim to the state courts for adjudication and does not lift the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989); Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990).

14